No. 621

COOPER v. PRUCHA

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6162. Decided Jan. 18, 1926

Judges Mauck, Sayre & Middleton, 4th Dist. sitting.

301. CONTRIBUTORY NEGLIGENCE— Court's charge as to recovery being defeated by contributory negligence, that to defeat recovery the injuries must have been the result of the failure to use ordinary care for plaintiff's own protection, is sufficiently broad.

MAUCK, P. J.

John Cooper sought to recover damages from John Prucha in the Cuyahoga Common Pleas for injuries sustained by his being struck by Prucha's automobile. Prucha's negligence was averred and also that he was driving on the wrong side of the street. There was a general verdict for Prucha. Error was prosecuted and the court's charge in contributory negligence was complained of; also that the court erred in charging that if Prucha was travelling on the wrong side of the street "then you must determine whether he was doing something that an ordinary careful and prudent person would not have done." The Court of Appeals held:

1. Cooper claims this was not the test, that Prucha's duty to keep on the right side of the street was an absolute one fixed by statute.

2. By 6310-17 GC. certain exceptions arise to the rule that the driver should keep to the right. These exceptions should have been pointed out by the court.

3. In the absence of a plat of the vicinity wherein the accident occurred, whether this was prejudicial error or not cannot be determined.

4. The court properly charged that if a presumption of contributory negligence on part of plaintiff arose by his testimony, he must remove such presumption before he could recover.

5. It is claimed the court erred in failing to say that contributory negligence would not defeat recovery unless it proximately contributed to the injuries.

6. The instruction that to defeat recovery the injuries must have been "the result of failure to use ordinary care for his own protection" was sufficiently broad; for if the injuries were the result of the negligence, the negligence was the proximate cause of the injuries.

Judgment affirmed.

Attorneys—Bernsteen & Bernsteen for Cooper; Paul Howland for Prucha; all of Cleveland.